THE LAW OFFICES OF
**AVRUM J. ROSEN, PLLC**
ATTORNEYS AT LAW
38 NEW STREET
HUNTINGTON, NEW YORK 11743

Telephone (631) 423-8527
Facsimile (631) 423-4536
e-mail address: ajrlaw@aol.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/08

AVRUM J. ROSEN
FRED S. KANTROW

KIMBERLY I. BERSON
DEBORAH L. DOBBIN

February 1, 2008

**BY FAX (212) 805-7941**
Honorable Loretta A. Preska, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007

Re:   *Niraj Chaturvedi d/b/a Global Gem Traders, Inc.*
      *v. Richard E. O'Connell, as Chapter 7 Trustee*
      Civil Case No. 08-cv-00249-LAP

Dear Judge Preska:

The undersigned are the attorneys for the Appellee, Richard E. O'Connell, as Chapter 7 Trustee for the Estate of Niraj Chaturvedi d/b/a Global Gem Traders, Inc. This letter is to request a pre-motion conference in anticipation of the Appellee's Motion to Dismiss the instant appeal pursuant to Rules 8002, 8011, and 9006 of the Federal Rules of Bankruptcy Procedure on the ground that Appellant failed to timely file a Notice of Appeal of the Order of the Honorable Prudence Carter Beatty, United States Bankruptcy Judge for the Southern District of New York, dated and entered on November 28, 2007, authorizing the parties pursuant to Fed. R. Bankr. P. 9019(a) and 11 U.S.C. § 105(a) to enter into and approving a stipulation of settlement and compromise of claim with Ralph Esmerian and R. Esmerian, Inc, the largest creditor of the Estate, including a litigation support agreement (the "9019 Order"). The Debtor-Appellant was present at the hearing held in connection with the 9019 Order on November 28, 2007.

On December 11, 2007, Appellant filed the Notice of Appeal. Bankruptcy Rule 8002(a) provides that a Notice of Appeal must be filed within ten days of the Order appealed from, or, a request to extend the time for filing the Notice of Appeal must be made by written motion pursuant to 8002(c)(2). In the instant case, Appellant failed to timely file a Notice of Appeal and he never moved to extend the time for filing the Notice of Appeal.

Because the 9019 Order was entered on November 28, 2008, Appellant had ten days, or until December 8, 2007, to file the Notice of Appeal. In this case, the tenth day fell on a Saturday and

therefore, giving the Appellant the benefit of the doubt, the last day to file the Notice of Appeal became Monday December 10, 2007. Although the Appellant purportedly dated the Notice of Appeal on December 10, 2007, it was not filed with the Clerk's Office until 1:54 p.m. on December 11, 2007. Moreover, the paid receipt issued by the Clerk's Office is dated December 11, 2007.

Under procedural facts, similar to the instant matter, this Court, in *Delafield 246 Corp. v. City of New York, et al.*, 07-CV-6238 (LAP), 2007 U.S. Dist. LEXIS 85356 (S.D.N.Y. Nov. 2007), dismissed an appeal of a Bankruptcy Court order based on the appellant's failure to timely file the Notice of Appeal. In *Delafield*, the tenth day to file the Notice of Appeal under Bankruptcy Rule 8002(a) fell on a Sunday. Therefore, Appellant had until Monday to file its Notice of Appeal. However, because the Appellant filed its Notice of Appeal on Tuesday, one day after the deadline, the appeal was deemed untimely and the Court found that it was "without jurisdiction to consider the appeal". *See Delafield supra* at *4 citing *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005). The District Court concluded that "the absence of a timely filed Notice of Appeal leaves the district court with 'no choice but to dismiss the case." *Id.* citing *In re Harris*, 464 F.3d 263, 270 (2d Cir. 2006).

Upon information and belief, the Debtor-Appellant claims to have faxed the Notice of Appeal to the Bankruptcy Court at 6:47 p.m. on December 10, 2007. It is respectfully submitted that facsimile transmission to the Bankruptcy Clerk's Office whether after-hours or during normal business hours is not an acceptable means of filing time-sensitive documents with the Clerk of the Court.

Local Bankruptcy Rule for the Southern District of New York 5001-1 prescribes the procedure for after-hours filing which does not include filing by facsimile transmission and provides:

> The offices of the Clerk shall be open on Monday through Friday from 8:30 a.m. to 5:00 p.m., except on legal and Court holidays, and shall be closed on Saturdays and Sundays. When the Clerk's office is closed, papers, *other than* those requiring a filing fee, may be filed with the Court by depositing them in the night depository located in the lobby of the District Court." (Emphasis supplied).

The Comment to Rule 5001-1 states that "the filing of papers in the District Court's night depository is intended to be used where exigent circumstances exist and is not intended as a regular alternative for filing papers with the Court during normal business hours. Papers requiring a filing fee shall not be filed in the District Court's night depository....the new rule deems papers filed when they are time-stamped and placed into the District Court's night depository."

Here, Appellant did not time-stamp his Notice of Appeal, nor did he file the document in the District Court's night depository. Rather, he took it upon himself to fax the papers, without permission of the Court and in direct contravention of the Local Rules. There were no exigent circumstances present. Additionally, filing an appeal requires the paying of a fee and therefore the Notice of Appeal could not be filed after-hours. Indeed, the paid receipt issued by the Clerk's

Office is dated December 11, 2007.

In *Hotel Syracuse, Inc. v. City of Syracuse Industrial Development Agency*, 154 B.R. 13 (N.D.N.Y. 1993), the Court dismissed an appeal when the appellant submitted the Notice of Appeal on the last day for timely filing by sending a facsimile transmission of the notice. The Court found that filing by facsimile was not permitted under the local rules of the Northern District of New York and dismissed the appeal on the basis that it lacked jurisdiction to hear the matter in the absence of a timely filing of the Notice of Appeal. Similarly, the local rules of the Southern District of New York precluding facsimile filing. Indeed, until the Clerk of the Court actually receives the notice and time-stamps the document, filing is not complete.

In *One Stop Realtour Place v. Allegiance Telecom Liquidating Trust*, 2005 U.S. Dist. LEXIS 31577 (S.D.N.Y. Dec. 2005), Appellant asserted that because she mailed the Notice of Appeal to the clerk on the last day to file the Appeal, it was timely. The Court found that "filing of a notice of appeal is not complete until the clerk actually receives the notice. Therefore, Ms. Bradford's [Appellant's] notice of appeal was filed on July 8, one day after the deadline imposed by Rule 8002. This defect is jurisdictional. *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005). Ms. Bradford's *pro se* status cannot serve as a basis to overlook this jurisdictional defect. The motion to dismiss must be granted." *Id.* At *3.

In the instant case, Mr. Chaturvedi did not file the Notice of Appeal with the Clerk's Office until December 11, 2007, one day after the deadline imposed by Rule 8002. Therefore, the absence of a timely filed Notice of Appeal leaves the District Court without jurisdiction and dismissal is warranted. The only recourse for Appellant was to timely move before the Bankruptcy Court for an extension of time to have his Notice of Appeal deemed timely. Bankruptcy Rule 8002(c)(2) provides that the 10 day period for filing a Notice of Appeal may be extended upon a written motion filed within the 10 day period, or within 20 days following the expiration of the 10 day period where excusable neglect is demonstrated.

Appellant failed to move for an extension within the initial ten day period for filing an appeal, nor did Appellant move for an extension within 20 days after the December 10, 2007 deadline. Appellant, therefore, took no steps to preserve his right to file a timely appeal. Based on the fact that Appellant failed to timely file his Notice of Appeal, and because his time to move before the Bankruptcy Court for an extension of time expired on December 30, 2007 without having moved for an extension of time to file the Notice of Appeal, this court is without jurisdiction to hear Appellant's appeal. *See, Siemon*, 421 F.3d at 169 (2d Cir. 2005).

Based upon the above, the undersigned respectfully requests either a pre-motion conference or permission to file this motion.

Very truly yours,

Deborah Dobbin

cc: Ira Abel, Esq., Attorney for Appellant

*Appellant shall respond to the above by letter no later than February 8, 2008.*

SO ORDERED

*February 4, 2008*

LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE