UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NIRAJ CHATURVEDI,                                    Judge Loretta A. Preska
d/b/a GLOBAL GEM TRADERS, INC.

        Appellant,   Civil Case No.   08-cv-00249-LAP

  -against-


RICHARD E. O'CONNELL,
as Chapter 7 Trustee for the
Estate of Niraj Chaturvedi


        Appellee.
-----------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT
## OF APPELLANT'S MOTION TO DISMISS APPEAL


<br>

            Law Offices of Avrum J. Rosen
            By: Avrum J. Rosen, Esq. (AJR 4016)
              Deborah Dobbin, Esq. (DLD 8553)
            Attorneys for Appellee
            Richard E. O'Connell,
            as Chapter 7 Trustee for the
            Estate of Niraj Chaturvedi
            38 New Street
            Huntington, New York 11743
            (631) 423-8527

**PRELIMINARY STATEMENT**

The instant appeal must be dismissed because Niraj Chaturvedi (the "Appellant" or the "Debtor") has failed to timely fie his Notice of Appeal of the Order of the Honorable Prudence Carter Beatty , United States Bankruptcy Judge for the Southern District of New York dated and entered on November 28, 2007 (the "9019 Order), authorizing the parties pursuant to Fed. R. Bankr. P. 9019(a) and 11 U.S.C. § 105(a) to enter into and approving a stipulation of settlement and compromise of claim with Ralph Esmerian and R. Esmerian, Inc. (The "Esmerian Group") including a litigation support agreement.

**STATEMENT OF FACTS**

For a detailed statement of the relevant facts, the Court is respectfully referred to the Affirmation of Avrum J. Rosen, Esq. in support of Appellee's Motion to Dismiss the Appeal dated February 28, 2008, together with the exhibits annexed thereto.

**ARGUMENT**

**THE APPEAL MUST BE DISMISSED
BECAUSE APPELLANT FAILED TO
TIMELY FILE THE NOTICE OF APPEAL**

The appeal must be dismissed pursuant to Fed. Rule Bankr. P. ("Bankruptcy Rule") 8002(a), because Appellant failed to timely file his Notice of Appeal. Bankruptcy Rule 8002(a) provides that "the notice of appeal shall be filed with the clerk within 10 days of the date of the entry fo the judgment, order, or decree appealed from." Bankruptcy Rule 8002(a).

The computation of the ten day period prescribed in Bankruptcy Rule 8002(a) is governed by Bankruptcy Rule 9006. *See Andruzzi v. Pryor*, 2007 U.S. Dist. LEXIS 30173 at *5 (E.D.N.Y.

April. 4, 2007) ("the Federal Rules of Civil Procedure do not apply to an appeal from an order of the Bankruptcy Court. Since a district court is functioning as an appellate court in a bankruptcy proceeding, the Federal Rules of Bankruptcy Procedure apply. Accordingly, Bankruptcy Rule 9006(a) governs questions of computation of time.)" *Delafield 246 Corp. v. City of New York, et al.*, 07-CV-6238 (LAP), 2007 U.S. Dist. LEXIS 85356 *2.

Bankruptcy Rule 9006(a) provides that the date of the entry of the order that is being appealed from is not included in the computation of a time period. However, "the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned." Bankruptcy Rule 9006(a).

Under procedural facts, similar to the instant matter, this Court, in *Delafield 246 Corp. v. City of New York, et al.*, 07-CV-6238 (LAP), 2007 U.S. Dist. LEXIS 85356 (S.D.N.Y. Nov. 2007), dismissed an appeal of a Bankruptcy Court order based on the appellants failure to timely file the Notice of Appeal. In *Delafield*, the tenth day to file the Notice of Appeal under Bankruptcy Rule 8002(a) fell on a Sunday. Therefore, Appellant had until Monday to file its Notice of Appeal. However, because the Appellant filed its Notice of Appeal on Tuesday, one day after the deadline, the appeal was deemed untimely and the Court found that it was "without jurisdiction to consider the appeal". *See Delafield supra* at *4 citing *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005). The District Court concluded that "the absence of a timely filed Notice of Appeal leaves the district court with 'no choice but to dismiss the case." *Id.* citing *In re Harris*, 464 F.3d 263, 270 (2d Cir. 2006).

In the instant appeal, it is undisputed that the 9019 Order was entered on November 28, 2007. Therefore, the first day included in the computation of the ten day period is November 29, 2007. Counting forward from November 29, 2007, the tenth day fell on Saturday, December 8, 2007. Because the tenth day fell on a Saturday, Appellants time to file was extended to Monday December 10, 2007. *See* Bankruptcy Rule 9006(a). Although the Debtor dated his Notice of Appeal on December 10, 2007, he did not file the document with the Clerk's Office until 1:54 p.m. on December 11, 2007. As such, the appeal is untimely.

Even if Appellant contends that he sent the Notice of Appeal to the Clerk's Office by facsimile transmission on December 10, 2007, the Appeal is still untimely as the Notice of Appeal cannot be filed via facsimile transmission to the Clerk's Office.

Local Bankruptcy Rule for the Southern District of New York 5001-1 prescribes the procedure for after hours filing which does not include filing by facsimile transmission and provides:

The offices of the Clerk shall be open on Monday through Friday from 8:30 a.m. to 5:00 p.m., except on legal and Court holidays, and shall be closed on Saturdays and Sundays. When the Clerk's office is closed, papers, other than those requiring a filing fee, may be filed with the Court by depositing them in the night depository located in the lobby of the District Court."

The Comment to Rule 5001-1 states that " the filing of papers in the District Court's night depository is intended to be used where exigent circumstances exist and is not intended as a regular alternative for filing papers with the Court during normal business hours. Papers requiring a filing fee shall not be filed in the District Court's night depository....the new rule deems papers filed when they are time-stamped and placed into the District Court's night

depository."

Here, Appellant did not time-stamp his Notice of Appeal, nor did he file the document in the District Court's night depository. Rather, he took it upon himself to fax the papers, without permission of the Court and in direct contravention of the Local Rules. There were no exigent circumstances present. Additionally, filing an appeal requires the paying of a fee and therefore the Notice of Appeal could not be filed after-hours. Indeed, the paid receipt issued by the Clerk's Office is dated December 11, 2007.

In *Hotel Syracuse, Inc. v. City of Syracuse Industrial Development Agency*, 154 B.R. 13 (N.D.N.Y. 1993), the Court dismissed an appeal when the appellant submitted the Notice of Appeal on the last day for timely filing by sending a facsimile transmission of the notice. The Court found that filing by facsimile was not permitted under the local rules of the Northern District of New York and dismissed the appeal on the basis that it lacked jurisdiction to hear the matter in the absence of a timely filing of the Notice of Appeal.

Similarly, the local rules of the Southern District of New York precluding facsimile filing. Indeed, until the Clerk of the Court actually receives the notice and time-stamps the document, filing is not complete.

In *One Stop Realtour Place v. Allegiance Telecom Liquidating Trust*, 2005 U.S. Dist. LEXIS 31577 (S.D.N.Y. Dec. 2005), Appellant asserted that because she mailed the Notice of Appeal to the clerk on the last day to file the Appeal, it was timely. The Court found that "filing of a notice of appeal is not complete until the clerk actually receives the notice. Therefore, Ms. Bradford's [Appellant's] notice of appeal was filed on July 8, one day after the deadline imposed by Rule 8002. This defect is jurisdictional. *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005).

Ms. Bradford's *pro se* status cannot serve as a basis to overlook this jurisdictional defect. The motion to dismiss must be granted." *Id.* At *3.

Indeed, in the instant case, Mr. Chaturvedi did not file the Notice of Appeal with the Clerk's Office until December 11, 2007, one day after the deadline imposed by Rule 8002. Therefore, the absence of a timely filed Notice of Appeal leaves the district court without jurisdiction and therefore dismissal is warranted.

The only recourse for Appellant was to timely move before the Bankruptcy Court for an extension of time to have his Notice of Appeal deemed timely. Bankruptcy Rule 8002(c)(2) provides that the 10 day period for filing a Notice of Appeal may be extended upon a written motion filed within the 10 day period, or within 20 days following the expiration of the 10 day period where excusable neglect is demonstrated.

Appellant failed to move for an extension within the initial ten day period for filing an appeal, nor did Appellant move for an extension within 20 days after the December 10, 2007 deadline. Appellant, therefore, took no steps to preserve his right to file a timely appeal. Based on the fact that Appellant failed to timely file his Notice of Appeal, and because his time to move before the Bankruptcy Court for an extension of time expired on December 30, 2007 without having moved for an extension of time to file the Notice of Appeal, this court is without jurisdiction to hear Appellant's appeal. *See, Siemon,* 421 F.3d at 169 (2d Cir. 2005).

## CONCLUSION

**WHEREFORE**, based on the foregoing, it is respectfully requested that this Corut grant

the instant motion dismissing the appeal, together with such other and further relief as the Court

deems just and proper.

Dated:  Huntington, New York
        February 28, 2008

LAW OFFICES OF AVRUM J. ROSEN
Attorneys for Appellant, Richard E. O'Connell,
as Chapter 7 Trustee for the
Estate of Niraj Chaturvedi

By:    /s/ Avrum J. Rosen
       Avrum J. Rosen (AJR 4016)
       38 New Street
       Huntington, New York 11743
       (631) 423-8527
       ajrlaw@aol.com