**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: : | Chapter 7 |
| NIRAJ CHATURVEDI d/b/a : GLOBAL GEM TRADERS, : | Case No.: 05-60079 (PCB) |
| Debtor. : | |
| NIRAJ CHATURVEDI d/b/a GLOBAL GEM TRADERS, : | |
| : | Civil Case No. 08-cv-00249 (LAP) |
| Appellant, : | Hon. Loretta A. Preska, U.S.D.J. |
| -Against- : | |
| RICHARD E. O'CONNELL, as Chapter 7 : Trustee for the Estate of Niraj Chaturvedi, : | **ORAL ARGUMENT REQUESTED** |
| Appellee. : | |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**APPELLEE'S MOTION TO DISMISS APPEAL**

**COHEN TAUBER SPIEVACK & WAGNER P.C.**
*Counsel for Appellant Niraj Chaturvedi*
By: Ira R. Abel, Esq.
420 Lexington Avenue, Suite 2400
New York, New York 10170
Voice: (212) 586-5800
Fax:    (212) 586-509

{00023736.DOC; 4}

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………1

STATEMENT OF THE BASIS OF APPELLATE JURISDICTION……………...….1

STATEMENT OF FACTS………………………………..…..…………………….2

BACKGROUND……………………………………………………..………….2

STATEMENT OF THE ISSUE PRESENTED IN THE MOTION TO DISMISS .....2

ARGUMENT……………………………………………………………………….2

    POINT 1:  THE CRITICAL DATE FOR FINDING AN APPEAL
    TO BE TIMELY IS THE DATE OF RECEIPT………………..……………2

    POINT 2:  BANKRUPTCY RULES 5001 AND 5005 PERMIT
    FILING A FAXED NOTICE OF APPEAL…………………………………….4

    POINT 3:  APPELLEE DOES NOT ADDRESS THE ISSUE
    BEFORE THIS COURT …………………………………………………..…6

        A.: Citation Of Irrelevant Facts……………………………….…6

        B.: Appellee Concedes That December 10, 2007 Is
        The Relevant Date…………………………………………………7

        C.: Citation To Superseded Local Bankruptcy Rule 5001-1……….8

        D.: Appellee's Citations to Irrelevant Case Law……………...…11

CONCLUSION………………………………………………………………….…13

i

**PRELIMINARY STATEMENT**

Niraj Chaturvedi ("Appellant") respectfully submits this Memorandum of Law and the accompanying affidavit of Niraj Chaturvedi (the "Affidavit") in opposition to the Motion to Dismiss (as defined below) filed by the Appellee (as defined below). Appellant has appealed an order of the Bankruptcy Court, entered November 28, 2007 (Record on Appeal Document 4, Bankruptcy Docket No. 68).

By notice, dated February 29, 2008, supported by the Affirmation of Avrum Rosen, the exhibits annexed thereto (together, the "Affirmation"), and the memorandum of law in support (the "Memorandum in Support," together with the Affirmation, the "Motion to Dismiss") of Richard E. O'Connell, as Chapter 7 Trustee for the Estate of Niraj Chaturvedi ("Appellee") moved to dismiss the Notice of Appeal on the grounds that it was not "timely filed."

Appellee does not dispute that December 10, 2007 was the deadline for timely filing of the Notice of Appeal. Appellee objects only to the manner in which the Notice of Appeal was filed with the Bankruptcy Court – by fax. However, as will be shown below, there is no bar to facsimile filing of a Notice of Appeal in the Bankruptcy Court, and, particularly here, where the Appellant was *pro se* at the time of filing, there is no basis to retroactively impose such a rule. Accordingly, for all of the reasons set forth herein, Appellant respectfully requests that the Motion to Dismiss be denied.

**STATEMENT OF THE BASIS OF APPELLATE JURISDICTION**

This Court has jurisdiction over this appeal and the Motion to Dismiss pursuant to 28 U.S.C. §§ 158(a)(1) and 1452 and Bankruptcy Rule 8001.

1

## STATEMENT OF FACTS

The relevant facts forming the basis for Appellant's opposition to the Motion to Dismiss are as set forth in the affidavit of Niraj Chaturvedi, sworn to March 11, 2008 (the "Affidavit").

## BACKGROUND

On December 10, 2007, at 6:47 PM, Appellant caused a notice of appeal (the "Notice of Appeal," Document 5 of the Record on Appeal, Bankruptcy Docket No. 76) to be filed via facsimile transmission with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")[1]. Affidavit at ¶¶ 4 – 8. The Bankruptcy Court acknowledged receipt of the faxed notice of appeal. Affidavit at ¶ 12.

## STATEMENT OF THE ISSUE PRESENTED IN THE MOTION TO DISMISS

Whether Appellant's Notice of Appeal, which was faxed, received and filed by the United States Bankruptcy Court for the Southern District of New York in a timely manner pursuant to Bankruptcy Rule 8002, should nevertheless be dismissed as not being timely filed.

## ARGUMENT

### POINT 1

### THE CRITICAL DATE FOR FINDING AN APPEAL TO BE TIMELY IS THE DATE OF RECEIPT

As has long been held in the Southern District of New York, where the timeliness of filing a notice of appeal is at issue, the critical date is the date the Notice of Appeal is

---

[1] Capitalized terms otherwise undefined herein shall have the meanings set forth in the Affidavit.

*received*, not the date it is filed. *In re Bodine*, 1993 WL 187906 (S.D.N.Y. 1993). The same rule has applied for many years in other jurisdictions. *See Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, n.2 (10th Cir. 1992) ("The filing date is the date the notice of appeal is received, not the date it is mailed."); *Robinson v Robinson (In re Robinson)*, 640 F.2d 737, 738 (5th Cir. 1981) (same, under former Bankruptcy Rule 802(a)).

In *Bodine*, appellant, who was represented by counsel, appealed from an order and sent the notice of appeal to the Bankruptcy Court well within the ten-day period required by Rule 8002. The notice was timely delivered to the bankruptcy clerk's office. However, for unknown reasons, the notice of appeal was never docketed.

After the ten-day period had expired, appellant's counsel contacted the bankruptcy court clerk's office and discovered that no notice of appeal had been docketed. Appellant's counsel then sent a second notice of appeal. The second notice was filed outside the ten-day period.

Appellee moved to dismiss the appeal as untimely filed. The *Bodine* Court held, however, that

> [I]n the circumstances of this case, it is unclear whether the Notice of Appeal was "filed" within the meaning of Rule 8002. Although the docket does not reflect the filing of the notice of appeal, it is my understanding that, according to the practices of the Bankruptcy Court, receipt by the Bankruptcy Court clerk's office of a document for filing constitutes "filing," even if, due to some clerical error, the document is lost and is not docketed by the case administrator; in other words, if the party obliged to file submits the document to the clerk's office for filing within the required time, the document is deemed filed even though the clerk's office may fail to stamp it and enter it in the docket.

*Id*. at *1. Pursuant to Bankruptcy Rule 9024, which makes Rule 60 of the Federal Rules of Civil Procedure applicable to title 11 cases, the *Bodine* court "granted leave for the

Bankruptcy Court to determine whether the records of the Bankruptcy Court should be corrected" to reflect the timely filing of the notice of appeal.  *Id.* at *2.[2]

Ignoring governing case law and the timely receipt of the Notice of Appeal, Appellee asserts that "[o]n December 11, 2007, Appellant filed the Notice of Appeal." Affirmation at ¶ 23.  This assertion is incorrect and forms the sole, and erroneous, basis of Appellee's argument for dismissal.

Appellant did not file the Notice of Appeal on December 11, 2007 – that is merely the date upon which the clerk of the Bankruptcy Court entered it on the electronic docket.  Just as in *Bodine*, there is no doubt that the Bankruptcy Court actually received the Notice of Appeal in a timely fashion on December 10, 2007.[3]  he Notice of Appeal was timely filed and the appeal should be permitted to go forward.

## POINT 2

### BANKRUPTCY RULES 5001 AND 5005 PERMIT FILING A FAXED NOTICE OF APPEAL

Bankruptcy Rule 5001, entitled Courts and Clerks' Offices, states in relevant part as follows:

> (a) Courts always open. The courts shall be deemed always open for the purpose of filing any pleading or other proper paper, issuing and returning process, and filing, making, or entering motions, orders and rules.

Bankruptcy Rule 5005, entitled Filing and Transmittal of Papers, states in relevant part as follows:

---

[2]  We have been unable to determine the subsequent history of the Bankruptcy Court's correction of the record.
[3]  Moreover, although unnecessary, there is no reason that the Clerk's docketing of the Notice of Appeal on December 11, 2007 cannot be corrected to show timely filing on December 10, 2007, just as the Bankruptcy Court was directed to docket the notice of appeal as timely in *Bodine*.

4

(a) Filing
> (1) Place of filing. Papers required to be filed by these rules, except as [otherwise] provided shall be filed with the clerk in the district where the case under the Code is pending.  The clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices.
> (2) Filing by electronic means.  A court may by local rule permit or require documents to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A local rule may require filing by electronic means only if reasonable exceptions are allowed. A document filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules, the Federal Rules of Civil Procedure made applicable by these rules, and § 107 of the Code.

(b) In the interest of justice, the court may order that a paper erroneously delivered shall be deemed filed with the clerk or transmitted to the United States trustee as of the date of its original delivery.

In the context of Bankruptcy Rules 5001 and 5005, the word "filed" means that "the pleadings were placed in possession of [the] clerk of court." *Maroski V. Futrell (In re Futrell)*, 69 B.R. 378, 381 (Bankr. W.D. La. 1987) (in the context of a time-sensitive complaint objecting to discharge).

Appellant has met his burden under these Rules.  Because the Bankruptcy Court is "always open," a fax to the Bankruptcy Court, even after hours, is timely. Bankruptcy Rule 5001(a).  He filed the Notice of Appeal "with the clerk in the district where [his] case under the Code is pending," Bankruptcy Rule 5005(a). The clerk accepted the Notice of Appeal despite its lack of "proper form" and despite any "local rules or practices." *Id.*  A fax to the Bankruptcy Court is a "reasonable exception" to the drop box. Bankruptcy Rule 5005(b).  And finally, a court "may order that a paper erroneously delivered . . . be deemed filed with the clerk . . . as of the date of its original delivery." Bankruptcy Rule 5005(c).

5

For these reasons, the Notice of Appeal should be deemed timely.

## POINT 3

## APPELLEE DOES NOT ADDRESS THE ISSUE BEFORE THIS COURT

The sole issue before this Court is whether Appellant's faxed Notice of Appeal is a timely filed notice of appeal within the scope of Bankruptcy Rule 8002. Given that there is no rule precluding fax filings, Appellee instead crafts arguments rife with irrelevancies, factual errors, incorrect citations, red herrings, speculation and "straw man arguments," all without any merit. Examples of these spurious arguments include Appellee's description of practically all prior history of Appellant's bankruptcy case, Affirmation at ¶¶ 3 – 15, 17 – 22, which is irrelevant to the issues raised by the Motion to Dismiss; Appellee's citation to superseded Local Bankruptcy Rules, Memorandum in Support at 4; and Appellee's citations to obviously irrelevant case law.[4]

### A. Citation Of Irrelevant Facts.

Appellee first sets forth a "brief summary of the facts preceding the instant appeal." The "brief summary" takes up more than half - nineteen (19) of the thirty-three (33) paragraphs in the Affirmation – and adds nothing to this Court's understanding of the sole issue before it. The majority of the excess is devoted either to a description of the merits of the appeal, which are irrelevant to the sole issue before this court, or to prior events Appellant's bankruptcy case. Indeed, substantially all the text of the

---

[4] As an aside, Appellee, in the Affirmation, cites to Appellant's counsel's letter, dated February 8, 2008 (the "Letter"). The Letter was written as directed by this Court's Order, entered February 4, 2008 with respect to Appellee's request for a pre-motion conference. It was never filed on the docket of this Appeal, and, upon information and belief, does not form a part of the record of the Motion to Dismiss.

irrelevant paragraphs appears to be a mere rewording of Appellee's Application, dated November 19, 2007, annexed as Exhibit B to the Motion to Dismiss.[5]

Of the portion of the Affirmation that has a conceivable bearing on the Motion to Dismiss – ¶¶ 23 – 32 – considerable attention is provided to legal analysis (¶¶ 24 – 25), counsel's interpretation of, and speculation about, the facts before this Court (¶¶ 25, 28 – 31) and the occasional erroneous legal conclusion (¶ 26 "The date of filing is the date that the fee for filing the Notice of Appeal is paid.")

### B. Appellee Concedes That December 10, 2007 Is The Relevant Date

In the Affirmation at ¶¶ 24, 25 and the Memorandum in Support at 2 – 3, 4, Appellee concedes that December 10, 2007 is the deadline for filing the Notice of Appeal. Having conceded this important point, Appellee argues that because the Clerk docketed the Notice of Appeal a day later, the Notice of Appeal is untimely. However, there is no dispute that if this Court finds the Notice of Appeal to have been filed on December 10, 2007, it is timely and the appeal should proceed.

None of Appellee's other allegations – that Appellant did not submit the filing fee with the Notice of Appeal, that no exigent circumstances existed, that the receipt for the appeal filing fee is dated December 11, 2007, that all parties to the order appealed from are not set forth on the Notice of Appeal – are in any way relevant to the Motion to Dismiss the appeal as untimely or this Court's subject matter jurisdiction over the Appeal.[6]

---

[5] The likely reason for this exposition is an attempt to sway this Court because "bad acts" of Appellant alleged by Appellee in the underlying bankruptcy case, all of which, even if true, are irrelevant to the issue in this Motion to Dismiss.

[6] Moreover, while not directly at issue here, the Appellee's passing statement that the Notice of Appeal "is deficient under Bankruptcy Rule 8001(a) in that it fails to contain the

7

### C. Citation To Superseded Local Bankruptcy Rule 5001-1.

Appellee argues that Local Bankruptcy Rule 5001-1 prescribes the procedure for after hours filing, Memorandum in Support at 4. Appellee's argument is supported only with a citation to a superseded version of that Rule.

The current Local Bankruptcy Rule 5001-1 states as follows:

> The offices of the Clerk shall be open Monday through Friday, from 8:30 a.m. to 5:00 p.m., except on legal and Court holidays, and shall be closed on Saturdays and Sundays. When the Clerk's office is closed, papers *not filed electronically may* be filed with the Court by depositing them in the night depository maintained by the District Clerk and are deemed filed as of the date and time stamped thereon. *Any required fees for such filings shall be delivered to the Clerk's office no later than noon on the next business day.*

Local Bankruptcy Rule 5001-1 *available at* http://www.nysb.uscourts.gov/, emphases added. The current Local Rule clearly permits filing of papers without simultaneously paying required fees. Appellee's incorrect citation is therefore fatal to his argument that the filing fee has any relevance whatsoever, particularly when Appellee admits that the filing fee was received the following day. Memorandum in Support at 5. ("[T]he paid receipt issued by the Clerk's Office is dated December 11, 2007").

---

names of all parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys," Affirmation at n. 1, is irrelevant. *See* Bankruptcy Rule 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal"). *See also* General Order M-242, dated January 19, 2001, entitled Revised Electronic Means For Filing, Signing, And Verification Of Documents at ¶ 7. ("The request for and receipt of a System password from the Court shall constitute a request for electronic service pursuant to FRBP 9036, and except as otherwise provided in the Revised Electronic Filing Procedures, a waiver of the right to receive notice and service conventionally.") All interested parties were served with the Notice of Appeal in accordance with that General Order.

8

Moreover, Rule 5001-1 clearly allows use of the depository for "papers not filed electronically."[7] *Id*. While "electronic filing"[8] is a term of art typically used by the bankruptcy bar to mean filing via the Bankruptcy Court's ECF system, Appellant did not have ECF filing privileges and has no legal training.[9]

A recent opinion issued by the United States Supreme Court can shed light on the issue presented. "Where ambiguities in statutory analysis and application are presented, the agency may choose among reasonable alternatives." *Fed. Express Corp. V. Holowecki,* ___ U.S. ___, ___ S.Ct. ___, 2008 WL 508018 at *10 (2008)(rejecting a strict interpretation of whether a "charge" has been filed with the

---

[7] The drop box is not the sole means of filing. Although Bankruptcy Rule 5005 requires pleadings to be filed with the clerk of the court, a judge may also permit papers to be filed with him or her. Bankruptcy Rule 5005(a). Moreover, Bankruptcy Rule 5005(c) provides authority for a court to "order that a paper erroneously delivered [to] be deemed filed with the clerk as of the date of its original delivery." *Id*.

[8] "Electronic" has a number of definitions having relevance to the use of the word in Local Rule 5001-1, all of them appearing to include fax transmissions. Among those definitions are: Having components such as microchips and transistors that control and direct electric currents, or relating to or carried out by means of a computer or other electronic device, Compact Oxford English Dictionary, available at http://www.askoxford.com/concise_oed/electronic?view=uk; Of or pertaining to electronics or to devices, circuits, or systems developed through electronics or of, pertaining to, or controlled by computers, or computer products and services, Dictionary.com Unabridged (v 1.1) available at http://dictionary.reference.com/browse/electronic; Of, based on, operated by, or otherwise involving the controlled conduction of electrons or other charge carriers, especially in a vacuum, gas, or semiconducting material, of, relating to, or produced by means of electronics, of, implemented on, or controlled by a computer or computer network, The American Heritage Dictionary of the English Language, (4th Ed.) available at http://dictionary.reference.com/browse/electronic.

[9] A lay person proceeding *pro se,* as Appellant, who read the Rule but was unaware of that term of art conceivably could read the Rule as permitting a fax filing, because a fax transmission over a phone line is clearly electronic and all relevant Local Bankruptcy Rules appear permissive as regards fax filing, and there is no explicit prohibition.

9

Equal Employment Opportunity Commission ("EEOC") under the Age Discrimination in Employment Act "ADEA").

*Holowecki* is relevant to the issue before this Court. In *Holowecki*, Federal Express initiated programs tying its employees' compensation and continued employment to certain performance benchmarks. An employee over age 40 filed an EEOC form and a detailed affidavit supporting her contention that the programs discriminated against older couriers in violation of the ADEA. Four months later, employee and others filed a suit under the ADEA claiming, among other things, the programs were veiled attempts to force out, harass, and discriminate against older employees. Federal Express moved to dismiss the employee's action, contending that the employee had not timely filed the "charge" required by the EEOC. The employee asserted that her form and affidavit constituted a valid charge.

The Supreme Court found that "charge" was an undefined term under the ADEA and, as is particularly relevant to the issue before this Court, that insufficient guidance was given by the regulations. *Id.* at *5-6. The Supreme Court held that "the proper test for determining whether a filing is a charge is whether the filing, taken as a whole, should be construed as a request by the employee for the agency to take whatever action is necessary to vindicate her rights." *Id.* at *7-8.

Clearly, the faxed Notice of Appeal was an effort by Appellant "to take whatever action is necessary to vindicate [his] rights." There is no rational reason why the faxed Notice of Appeal cannot be treated as timely filed, particularly where it is in all other respects true and correct.

10

### D. Appellee's Citations to Irrelevant Case Law

The sole issue for this Court to decide is whether Appellant's faxed Notice of Appeal can be considered a timely notice of appeal within the scope of Bankruptcy Rule 8002. Appellee cavalierly asserts that because the Clerk of the Bankruptcy Court docketed the Notice of Appeal, such docketing governs the result. Affirmation at ¶¶ 25, 32. However, the filing of the Notice of Appeal by fax on December 10, 2007 is the issue before this Court. Appellee begs that question, answers it to his liking, and uses his answer to find citations that bolster his argument.

Appellee primarily relies on this Court's decision in *Delafield 246 Corp. v. City of New York, et al.*, 07-CV-6238 (LAP), 2007 WL 4103830 at *1 (S.D.N.Y. Nov. 2007) as controlling and requiring dismissal of the appeal. However, *Delafield* is inapplicable to this matter and was based on substantially different facts.

Delafield 246 Corp. was represented by counsel with ECF filing privileges. *See* Civil Docket For Case #: 1:07-cv-06238-LAP. This Court found that Delafield filed its notice of appeal on the twelfth day after entry of the order appealed from, after all possible extensions available under Bankruptcy Rule 9006 had expired. *Id.* Filing a notice of appeal on the twelfth day after entry of an order as in *Delafield* is substantively and jurisdictionally different from timely filing a notice of appeal on the tenth day, as Appellant did.

Unlike *Delafield*, Appellant was not represented by counsel when he filed the Notice of Appeal. He does not have ECF filing privileges. He resides outside of this District, in Allentown, PA, making hand delivery of the Notice of Appeal problematic for him within the time limits available on December 10, 2007, and particularly if he would

11

be required to parse the meaning of each word in Local Bankruptcy Rules 5001-1 and 5005-1.[10]

Appellee also relies on *Hotel Syracuse, Inc. v. City Of Syracuse Indus. Dev. Agency (In re Hotel Syracuse, Inc.)*, 154 B.R. 13 (N.D.N.Y. 1993) for its holding that facsimile filing is not permitted. That decision,[11] however, turned on a General Order in the Northern District of New York that prohibited facsimile filings. That General Order has been superseded.  *See generally* Superseded Bankruptcy Rules *available at* www.nynb.uscourts.gov/usbc/1br/95/brmenu.html.  Although Appellee alludes to such a rule in the Southern District of New York, none is cited, presumably because there is no such rule or prohibition.  Memorandum in Support at 5.  Moreover, a superseded General Order in effect in 1993 in the United States Bankruptcy Court for the Northern District of New York cannot govern the filing requirements in the United States Bankruptcy Court for the Southern District of New York in 2007.

In complete contrast, both Bankruptcy Rule 5001 and Local Bankruptcy Rule 5001-1 now specifically refer to the "electronic" filing of papers,[12] while the *Hotel Syracuse* Court states that electronic filing is prohibited.  *Id.* at 17.

---

[10]  No facts in the record on appeal address the issue of Appellant's inability to reach the Bankruptcy Clerk's office on December 10, 2007. December 10, 2007 may therefore be considered to be a day on which "other conditions" have made the clerk's office inaccessible.  *See* Bankruptcy Rule 9006(a).

[11]  *Hotel Syracuse* is a fourteen year old decision that predates the ECF system that now permits electronic filing in that Court.

[12]  Filing by facsimile is clearly contemplated by the Bankruptcy Rules. Rule 5005, which governs filing of papers, states that "[t]he clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices. Rule 5005(a)(1).  Moreover, filing by "electronic means" is not prohibited:
    A court may by local rule permit or require documents to be filed, signed, or
    verified by electronic means that are consistent with technical standards, if any,

12

Appellee also cites *One Stop Realtour Place, Inc. v. Allegiance Telecom Liquidating Trust (In re Allegiance Telecom, Inc.)*, 2005 WL 3312248 (S.D.N.Y. 2005) for the proposition that the mailing date of a Notice of Appeal will not control, as opposed to the receipt date.  Both the facts and the holding of *One Stop* are irrelevant to the issue before this Court.  Appellant here used the only technology at his disposal to assure that the Notice of Appeal was timely received, which it was.  Appellant is more than willing to accept the *One Stop* holding, because both the transmission date and the receipt date are timely.

## CONCLUSION

Appellee concedes that December 10, 2007 was the deadline for timely filing of the Notice of Appeal.  Appellee concedes that the filing fee for the appeal was timely paid.  General Order M 242 waives Appellee's objection to service of the Notice of Appeal.  Appellee presents no facts that contradict the Affirmation.  Appellee's sole objection is to the manner in which the Notice of Appeal was filed with the Bankruptcy Court – by fax.

There is no bar to facsimile filing of a Notice of Appeal in the Bankruptcy Court, and, particularly here, where the Appellant was *pro se* at the time of filing, there is no

---

    that the Judicial Conference of the United States establishes. A local rule may require filing by electronic means only if reasonable exceptions are allowed. A document filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules, the Federal Rules of Civil Procedure made applicable by these rules, and § 107 of the Code.
Rule 5005(a)(2).  The Bankruptcy Court has established a procedure for filing documents by electronic means.  General Order M-242: Revised Electronic Means for Filing, Signing and Verification of Documents.  In that Order, among other things "electronic files" consist of "the images of documents filed in cases or proceedings and documents filed by electronic means." *Id*. at ¶ 2. A fax is an image of a document. Telefacsimile transmission over a telephone line is clearly electronic. *See* note 2, *supra*.

13

basis to retroactively impose such a rule. For all of these reasons, the Motion to

Dismiss should be denied.

Dated: New York, New York
       March 13, 2008

                              Respectfully submitted,

                              COHEN TAUBER SPIEVACK & WAGNER P.C.


                              By:      /S/ Ira Abel
                                        Ira R. Abel


To: Deborah L. Dobbin Esq. (By Email)