Law Offices of Avrum J. Rosen, PLLC
By: Avrum J. Rosen, Esq. (AJR 4016)
Attorney for Appellee
Richard E. O'Connell,
as Chapter 7 Trustee for the
Estate of Niraj Chaturvedi
38 New Street
Huntington, New York 11743
(631) 423-8527

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NIRAJ CHATURVEDI,                         Judge Loretta A. Preska
d/b/a GLOBAL GEM TRADERS, INC.

                       Appellant,          Civil Case No.   08-cv-00249-LAP

   -against-

RICHARD E. O'CONNELL,                     **REPLY AFFIRMATION**
as Chapter 7 Trustee for the
Estate of Niraj Chaturvedi
                       Appellee.
-----------------------------------------------------------X

       AVRUM J. ROSEN, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, duly affirms and states as follows:

1. This Affirmation is submitted in Reply to Appellant's Opposition to Appellee's Motion to Dismiss and in further support of Appellee's motion for an order dismissing the instant appeal pursuant to Rules 8002, 8011, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on the ground that Appellant failed to timely file a Notice of Appeal as required by Bankruptcy Rule 8002.

2. Appellant misstates the issue presented in the motion by presuming that the Notice of Appeal, which was faxed, was actually received and filed by the United

      States Bankruptcy Court. It is this very fact that is at issue. While the Debtor has supplied a fax confirmation sheet that a fax was sent on December 10, 2007, from the office of Nirvana International, Inc., a creditor of the bankruptcy Estate[1], it does not establish that the Notice of Appeal was timely filed. The issue is whether the instant appeal should be dismissed for lack of jurisdiction because the Notice of Appeal was not timely filed. The filing of the Notice of Appeal and payment of the required filing fee with the Bankruptcy Court Clerk's Office was not made until December 11, 2007.

3.    Appellant cites *In re Bodine*, 1993 WL 187906, 1993 U.S. Dist. LEXIS 6421 (S.D.N.Y. 1993)(S.D.N.Y) in support of his argument that the critical date for finding an appeal to be timely is the date of receipt. By citing *Bodine*, Appellant seeks to create an exception to the strict mandates of Rule 8002. In *Bodine*, the Debtor sent a Notice of Appeal to the Bankruptcy Court by Federal Express. An employee of the Clerk's Office signed for the package, thereby acknowledging receipt prior to the expiration fo the 10-day deadline, but the notice of appeal was never docketed due to clerical error. The Court found that Rule 9024 allowed the

---

[1] Of all people that the Appellant purportedly contacted to fax the Notice of Appeal to the Clerk's Office, Appellant chose Amit Sharma, the president of a creditor of the Debtor to whom the Debtor made an illegal post-petition transfer of an $80,000.00 coin collection. At the Debtor's 341 Meeting of Creditors, the Debtor acknowledged that he made a post-petition transfer to Nirvana International, Inc. of a valuable coin collection with a value of at least $80,000.00 as security for an alleged post-petition loan. The Debtor further advised the Trustee that the value of the coin collection is far in excess of the amount of any purported loan. By letter dated December 29, 2006 (the "December 29th Letter"), the Trustee demanded that Nirvana in care of Mr. Amit Sharma immediately surrender the coin collection within five (5) business days of the date of the letter. Nirvana failed to respond to the December 29th Letter. Nirvana failed to turnover or surrender the coin collection as demanded in the December 29th Letter. The trustee commenced an adversary proceeding pursuant to 11 U.S.C. Sections 542, 544, 550, and 551 against Nirvana International alleging among other things that at the time of the transfer, the Debtor did not have an ownership interest in the coins as they constitute property of the bankruptcy estate pursuant to 11 U.S.C. § 541 and that Nirvana has no right to maintain possession of the coins that are property of the estate pursuant to 11 U.S.C. § 541. The Trustee obtained a default judgment against Nirvana and the Trustee now is in the process of executing on the judgment.It is upon this creditor, that the Appellant now relies for proof of timely filing of the Notice of Appeal.

|     | |
| --- | --- |
|     | Court to correct a clerical mistake since the notice of appeal was delivered to and received by the Clerk's Office within the ten day period. |
| 4.  | The *Bodine* case is distinguishable from the instant one.  In *Bodine* the Court deemed the appeal timely because of a clerical error in failing to docket a Notice of Appeal that was sent by overnight mail, signed for by a clerk, but, for whatever reason, was never docketed.  In this case, the Clerk's Office does not have a rule that permits filing by facsimile transmission.  Mr. Chaturvedi made no attempts to physically file the Notice of Appeal in a timely fashion and now wishes to concoct jurisdiction by asserting that he was *pro se*, was in Pennsylvania and therefore the Clerk's Office was "inaccessible" (notwithstanding that the fax was issued from an office in New York), and that facsimile transmission is somehow permitted as a means of filing a Notice of Appeal that was not actually received and paid for on December 11, 2007.  The absence of a timely filed Notice of Appeal leaves the district court without jurisdiction and therefore dismissal is warranted. |
| 5.  | The only recourse for Appellant was to timely move before the Bankruptcy Court for an extension of time to have his Notice of Appeal deemed timely.  Bankruptcy Rule 8002(c)(2) provides that the 10 day period for filing a Notice of Appeal may be extended upon a written motion filed within the 10 day period, or within 20 days following the expiration of the 10 day period where excusable neglect is demonstrated. |
| 6.  | Appellant, who by that time was represented by bankruptcy counsel, failed to move for an extension within the initial ten day period for filing an appeal, nor did Appellant move for an extension within 20 days after the December 10, 2007 |

deadline. Appellant, therefore, took no steps to preserve his right to file a timely appeal. Based on the fact that Appellant failed to timely file his Notice of Appeal, and because his time to move before the Bankruptcy Court for an extension of time expired on December 30, 2007 without having moved for an extension of time to file the Notice of Appeal, this court is without jurisdiction to hear Appellant's appeal. *See, Siemon,* 421 F.3d at 169 (2d Cir. 2005).

7. The Debtor, who was repeatedly advised over a two-year period to retain an attorney, again plays upon his *pro se* status at the time he filed the Notice of Appeal. The Appellant was present at the hearing held in connection with the appealed order and still waited until the last day to file his Notice of Appeal by facsimile transmission, a method of filing that is not permitted or accepted by the Bankruptcy Clerk's Office.

8. It is irrelevant whether Appellant was or was not aware of any prohibition on fax filings (See Appellant's Affidavit in Opposition to Motion to Dismiss Appeal). He cannot get around the fact that a Notice of Appeal, or any document for that mater, cannot be filed with the Bankruptcy Clerk's Office by fax.

9. The very fact that Anatin Rouzeau of the Bankruptcy Clerk's office called the Appellant and advised him that he needed to file the original Notice of Appeal and a filing fee for the appeal shows that actual filing and paying for the appeal triggers the filing date and did not serve to confirm that the Clerk's Office accepted the filing by fax.

10. Indeed, in a telephone conversation between my associate Deborah Dobbin, Esq. and Mr. Rouzeau held on December 11, 2007, Mr. Rouzeau advised my office

that filing by fax was not acceptable and Mr. Rouzeau confirmed that he specifically advised the Debtor-Appellant to physically file and pay for the Notice of Appeal. Appellant seeks to expand Bankruptcy Rule 5001 to permit filing a Notice of Appeal by fax, however the Rule makes absolutely no reference to facsimile transmission. Indeed, the rules are silent as to filings by fax because one simply cannot file a document with the Bankruptcy Court by fax, especially a Notice of Appeal which also requires the accompanying filing fee to be effective, which in this case was admittedly not paid until December 11, 2007.

11. Based on the foregoing, it is respectfully requested that this Court grant the instant motion dismissing the appeal and grant such other and further relief as this Court deems just and proper.

Dated: Huntington, New York
March 20, 2008

LAW OFFICES OF AVRUM J. ROSEN, PLLC
Attorneys for Appellant, Richard E. O'Connell,
as Chapter 7 Trustee for the
Estate of Niraj Chaturvedi

By:   /s/ Avrum J. Rosen
      Avrum J. Rosen (AJR 4016)
      38 New Street
      Huntington, New York 11743
      (631) 423-8527
      ajrlaw@aol.com