```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                  :
NIRAJ CHATURVEDI,                 :
dba GLOBAL GEM TRADERS, INC.      :    08 Civ. 249 (LAP)
                                  :
              Appellant,          :    MEMORANDUM AND ORDER
                                  :
     - v. -                       :
                                  :
RICHARD E. O'CONNELL,             :
                                  :
              Appellee.           :
                                  :
- - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/08

LORETTA A. PRESKA, U.S.D.J.

In this action, Appellant/Debtor Niraj Chaturvedi appeals a November 28, 2007, Order ("the Order") of Bankruptcy Judge Prudence C. Beatty, approving a settlement agreement executed by Appellee/Trustee Richard O'Connell that resolved a dispute between between Appellant and the Esmerian Group. Appellee now moves to dismiss that appeal as not timely filed. It is undisputed that the deadline for filing any Notice of Appeal from Judge Beatty's Order was December 10, 2007. (See Rosen Aff. ¶¶ 24-25; see also Appellant's Opp'n 1.) On that date, after the close of regular business hours, Appellant, then not represented by counsel, caused to be sent via facsimile a copy of his Notice of Appeal to the Bankruptcy Court for the Southern District of New York Clerk's Office (the "Clerk's office"). (See Chaturvedi Aff. ¶¶ 5-11; see also Rosen Aff. ¶¶ 23-27.) The

following day, an employee in the Clerk's office informed Appellant that he was required to file the original Notice of Appeal, and, on December 11, 2007, Appellant caused an original copy of the Notice of Appeal to be delivered to the Clerk's Office. (See Chaturvedi Aff. ¶ 12.) The only issue presented, therefore, is whether Appellant's pro se filing by facsimile was effective; if it was not, this Court is without jurisdiction to entertain the appeal. See In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005).

The Federal Rules of Bankruptcy Procedure govern the appeal of a bankruptcy court order. See, e.g., Andruzzi v. Pryor, 07 Civ. 452, 2007 WL 1100784, at *2 (E.D.N.Y. Apr. 4, 2007). Rule 8001 requires that such an appeal "shall be taken by filing a notice of appeal with the clerk within the time allowed," Fed. R. Bankr. P. 8001(a), which Rule 8002 sets as "within 10 days of the date of the entry of the judgment, order, or decree appealed from," Fed. R. Bankr. P. 8002(a). That deadline may be extended on application made to the bankruptcy judge either within the prescribed ten-day period or within twenty days after the expiration of that period "upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2).

Several rules govern the mechanics of filing papers in the bankruptcy courts. Under Rule 5001, the Clerk's office is "deemed always open for the purpose of filing," Fed. R. Bankr.

2

P. 5001(a), and the Southern District Bankruptcy Court has established a "drop-box" to accept filings after the close of regular business hours, see S.D.N.Y. Loc. Bankr. R. 5001-1. Bankruptcy courts may also adopt local rules that allow the filing of papers by electronic means, see Fed. R. Bankr. P. 5005(a)(2), and the Southern District Bankruptcy Court has adopted such rules, see S.D.N.Y. Loc. Bankr. R. 5005-2; see also In re Electronic Means For Filing, Signing and Verification of Documents, Gen. Order M-242 (Jan. 19, 2001). Contrary to counsel's assertion, (see Appellant's Opp'n 4), neither the after-hours filing rule nor the electronic filing rule authorizes filing by facsimile.

This fact notwithstanding, counsel for Appellant argues that, under circumstances such as these, filing by facsimile is a "'reasonable exception' to the drop box" rule. (Appellee's Opp'n 5.) Thus, receipt of the facsimile filing in the Clerk's office should be considered equivalent to depositing a document in the "drop box" because "the word 'filed' means that 'the pleadings were placed in the possession of [the] clerk of the court.'" (Appellee's Opp'n 5 (quoting In re Futrell, 69 B.R. 378, 381 (Bankr. W.D.La. 1987).) The rule invoked by Appellant, however, controls the date attributed to a filing that is properly received in the Clerk's office and not "filed" by Clerk's office personnel promptly. See, e.g., In re Bodine, 92

3

Civ. 4438, 1993 WL 187906, at *1 (S.D.N.Y. May 14, 1993). Such a rule has no application to a case, like this one, that involves the antecedent question whether the notice of appeal was properly received in the first place.

Counsel also argues that Appellant's pro se status at the time he transmitted the Notice of Appeal should excuse his failure to follow the Rules. (See Opp's 9 n.9.) Under that argument, the allowance in Local Rule 5001-1 that "papers not filed electronically may be filed with the Court by depositing them in the [drop box]" is ambiguous and could lead a lay person to conclude that "electronically filed" includes filing by facsimile. (See id.) Any possible confusion associated with Local Rule 5005-1, however, is eliminated by the very next Local Rule and the associated General Order M-242, which together define "electronic filing" without any mention of filing by facsimile. Furthermore, counsel should have made this argument to the bankruptcy judge to show excusable neglect justifying an extension of the ten-day period for filing a Notice of Appeal.[1]

For the foregoing reasons, the Court concludes that the effective filing of Appellant's Notice of Appeal occurred on December 11, 2007, one day later than required by the Rules. Not being timely filed, this Court is without jurisdiction to

---

[1] The docket sheet reflects documents signed by counsel as early as December 20, 2007, well within the twenty-day period established by Rule 8002(c)(2).

4

hear the instant appeal and, therefore, Appellee's motion to dismiss [dkt. no. 6] is GRANTED.

SO ORDERED:

DATED:   New York, New York
         June 2, 2008

_____
LORETTA A. PRESKA, U.S.D.J.